**SO ORDERED.**

**SIGNED this 28 day of August, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JOHN T. HARRIS and                                    CASE NO. 11-07131-8-JRL
REBECCA S. HARRIS,

                                                                                      Chapter 13

      DEBTORS.

**ORDER**

This matter came before the court on chapter 13 trustee's motion to dismiss the debtors' case. A hearing was held on August 15, 2012, in Wilmington, North Carolina.

The debtors filed their voluntary petition pursuant to chapter 13 of the Bankruptcy Code on September 16, 2011. The trustee filed a motion to confirm the debtors' chapter 13 plan on February 7, 2012. The proposed plan stated that the debtors had $741,587.56 in unsecured debt. The debtors' chapter 13 plan was confirmed on March 9, 2012. On March 15, 2012, the chapter 13 trustee filed the present motion to dismiss based on the fact that the debtors' unsecured debt exceeds the chapter 13 debt limit, pursuant to 11 U.S.C. § 109(e).[1] The debtors filed a response

---

[1] 11 U.S.C. 109(e) provides:
Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 or an individual with regular income and such individual's spouse, . . . that owe, on the date of the

in opposition to the trustee's motion on March 23, 2012.

At the hearing, the trustee took the position that § 109(e) is jurisdictional in nature, and therefore, even though the debtors' chapter 13 plan has been confirmed and the debtors are current in their plan payments, the case must nevertheless be dismissed. The debtors took the opposite position, arguing that § 109(e) is not jurisdictional. Therefore, the debtors argued that because the chapter 13 debt limit is not jurisdictional in nature, it can be, and was in this case, waived. The debtors argued that any objection based on the § 109(e) must have been raised pre-confirmation. By sending out the motion for confirmation on February 2, 2012 that stated the debtors had $741,587.56, the debtors contend that the trustee clearly waived any objection based § 109(e), and therefore, the trustee is bound by the confirmed chapter 13 plan.

This court views confirmation as a very serious event. Confirmation binds creditors and debtors to perform the obligations set out in the confirmed plan, and the court routinely relies on the res judicata effect of an order of confirmation to preclude issues from being raised later. The chapter 13 trustee had ample opportunity to raise the debtors' eligibility for chapter 13, but instead, the trustee chose to move the court to confirm a chapter 13 plan that was, on its face, over the § 109(e) debt limit. If the court found that the § 109(e) debt limit was jurisdictional, as the trustee contends, then this issue could be raised at any time by any party. Nothing would stop the chapter 13 trustee, or a creditor for that matter, from raising the issue four years after confirmation when a debtor is only a few payments from completion of payments and discharge.

---

filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

Therefore, the court agrees with the debtor and finds that the chapter 13 debt limit of § 109(e) is not jurisdictional in nature. "Since compliance with the provision[s] of Chapter 13 is a requisite to plan confirmation pursuant to § 1325(a)(1), the issue of eligibility is implicit in the confirmation hearing." Franklin Fed. Bancorp, FSB v. Lochamy (In re Lochamy), 197 B.R. 384, 386 (Bankr. N.D. Ga. 1995). Therefore, the court finds that the trustee is precluded from litigating the debtors' eligibility after confirmation of the debtors' plan.

Based on the foregoing, the trustee's motion to dismiss is **DENIED.**

## END OF DOCUMENT